## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ALBANY DIVISION

JESSICA DAVIS,

      **Plaintiff**

v.

**MITCHELL COUNTY;**

**JACKIE BATCHELOR-**

*In her official capacity as*

*Tax Commissioner.*

**CIVIL FILE ACTION NO#**

_____

**JURY TRIAL DEMANDED**

---

## COMPLAINT FOR DAMAGES

---

Plaintiff Jessica Davis (Plaintiff or Ms. Davis) by and through her counsel of record, files this Complaint against Mitchell County (Defendant or Mitchell County) and Tax Commissioner Jackie Batchelor, in her official capacity (Ms. Batchelor or Tax Commissioner).

## NATURE and PURPOSE

1) This is a lawsuit seeking to remedy and redress for violations by Mitchell County of the American Disability Act of 1990 as amended, 42

U.S.C. § 12101 et seq.  (ADA) including the ADA Amendments Act of 2008, §

504 of Rehabilitation Act of 1973 (Section 504 or Rehab Act), Title XXII of the

Public Health Service Act, 42 U.S.C. §§ 300bb-1 through 300bb-8, as

amended by the Consolidated Omnibus Budget Reconciliation Act of 1985

(COBRA) 29 U.S.C. §1162 et seq., and Georgia law.


2)  Mitchell County, by way of its Tax Commissioner Jackie Batchelor

unlawfully terminated Jessica Davis because of her disability or because she

was regarded as having a disability. Mitchell County, through its employees

and agents, also failed to provide Ms. Davis with a reasonable

accommodation for her disability. Then after terminating Ms. Davis, Mitchell

County failed to send Ms. Davis required notification of how she could

continue her healthcare coverage under COBRA.

## JURISDICTION and VENUE

3) This Court has personal jurisdiction over Defendant and has subject

matter jurisdiction over the claims set forth herein pursuant to 28 U.S.C.

§1331, 1343, and 1367.

4) Venue of this action pursuant to 5 U.S.C. §552(g) (5)(2009) and 28

U.S.C. §1391 (2009) and is proper in the Middle District of Georgia with

respect to all claims asserted by Plaintiff because the place and the acts of

the Defendant are all located and carried out in the Middle District of Georgia.

## PARTIES

5) Jessica Davis is a young mother of two children in her early thirties. Jessica Davis is an Army Veteran and a former Lieutenant of the Pelham Police Department prior to her employment by Mitchell County in its Tax Commissioner's Office as a Tag & Title Clerk.

6) Jessica Davis is a female patient diagnosed with lupus and fibromyalgia.

7) Jessica Davis at all times herein is a citizen and resident of the State of Georgia. At all times herein, Jessica Davis was an employee of Mitchell County within the meaning of American with Disabilities Act, §504 of Rehabilitation Act, and COBRA.

8) Mitchell County is a public entity as defined under the ADA, and a recipient of federal financial assistance as defined under 504 of Rehabilitation Act, and an employer that sponsors a group health plan under COBRA.

9) Mitchell County is a political subdivision of the State of Georgia, which has the capacity to sue and be sued, and which acts through its County Administrators, Board of Commissioners, Tax Commissioner, employees and

other agents. Mitchell County, at all times herein, employed in excess of twenty employees. At all times herein, Defendant Mitchell County is an employer of Plaintiff's within the meaning of Title II of the Americans with Disabilities Act, Section 504 of Rehabilitation Act, and COBRA.

10) Defendant Mitchell County and Tax Commissioner Jackie Batchelor, in her official capacity, can be served with a copy of this Complaint at 26 North Court Street, Camillia, Georgia 31730 through its Chairman of the Board of Commissioner Benjamin Hayward.

11) At all times mentioned herein, before and after, the persons responsible for perpetrating discriminatory actions and violating Plaintiff's statutory rights were agents, servants, and employees of Defendant Mitchell County which includes the Board of Commissioners and County Administrator, and were at all times acting within the scope and course of their agency and employment, or the actions were expressly authorized by Defendant, or their actions were ratified by Defendant, thus making Defendant liable for their actions.

## PROCEDURAL REQUIREMENTS

12) Plaintiff has satisfied all procedural requirements prior to commencing this action. Plaintiff timely filed a charge of discrimination with

the Equal Employment Opportunity Commission ("EEOC") against Defendant.

13) Jessica Davis, through her attorney, received a right to sue letter on August 12, 2016 from U.S. Department of Justice- Civil Rights Division by certified mail #7010 0290 0000 2017 6454 and files this complaint within ninety (90) days receipt thereof.

## FACTUAL BACKGROUND

14) Jessica Davis began working for Mitchell County's Tax Commissioner's Office on October 6, 2014.

15) Ms. Davis was hired by Mitchell County as a Tag and Title Clerk for the Tax Commissioner's Office.

16) Ms. Davis' direct supervisor was Tax Commissioner Jackie Batchelor.

17) Jessica Davis was diagnosed with serious health conditions, Lupus as Fibromalygia.

18) One weekend in November 2014, Ms. Davis had to be rushed to the emergency room due to her complications from lupus and fibromalygia.

19) Then again in December 2014, Ms. Davis had another emergency room visit.

20) Ms. Davis told her supervisor, Tax Commissioner Batchelor about both times that she had to be rushed to the emergency room due to her disability.

21) Ms. Davis experienced a multitude of symptoms, including muscle weaknesses, tiredness, lack of energy, headaches, chronic pain, and overall achiness.

22) Lupus is a chronic, autoimmune disease that can damage any part of the body e.g skin, joints, or organs inside the body.

23) Chronic means that signs and symptoms tend to last longer than six weeks and often for many years.

24) Lupus can be a serious health condition and is a disability as defined under the ADA and Section 504.

25) Fibromyalgia is a disorder that causes musculoskeletal pain.

26) Fibromyalgia can amplify painful sensations by affecting the way the brain processes pain signals.

27) Fibromyalgia can be a serious health condition and is a disability as defined under the ADA and Section 504.

28) Jessica Davis is a qualified individual with a disability.

29) Defendant knew of Plaintiff's disability during her employment.

30) During her disability, Defendant regarded Ms. Davis as a disabled employee.

31) Ms. Batchelor was aware of Ms. Davis serious health conditions.

32) Due to her illness, Ms. Davis experienced headaches, body aches and pain, swelling of her hands and feet, and coldness in her hands and feet.

33) Ms. Davis asked Commissioner Batchelor if she could bring a small portable heater to the office.

34) Commissioner Batchelor did not allow Ms. Davis to bring a heater.

35) November 2014, due to exacerbation of her disability, Ms. Davis requested leave to attend her doctor's appointments.

36) Ms. Davis was approved for all her leave by her supervisor, Tax Commissioner Jackie Batchelor.

37) Some days, Ms. Davis would not take leave for the full work day.

38) Instead, Ms. Davis would use enough leave to attend her doctor's appointment and then she would return back to work.

39) Mitchell County's policy for absences states, "an employee who is unable to report to work must personally notify her supervisor prior to the

scheduled work time. Notice must be given as far in advance of the scheduled work time as possible, and no later than within one (1) hour after the scheduled start time."

40) Ms. Davis complied with Mitchell County's attendance policy by apprising Jackie Batchelor, her supervisor, her need to attend a medical appointment during her break in her work shift.

41) Jessica Davis was a good worker.

42) Jessica Davis had excellent customer service skills.

43) Jessica Davis was a punctual employee.

44) Ms. Davis did not receive any write-ups or negative reviews about her work from her supervisor, Tax Commissioner Batchelor.

45) Batchelor did not give Ms. Davis any oral or written warning that she could be terminated.

46) At all times, herein, Jessica Davis was in compliance with Mitchell County attendance policy.

47) On February 26, 2015, Jessica Davis was working at the Tax Commissioner's Office.

48) After everyone's lunch break, approximately around 2:00 pm, Tax Commissioner Batchelor terminated Ms. Davis from her employment.

49) Tax Commissioner Jackie Batchelor wrote a termination letter to Jessica Davis dated February 26, 2015. **Exhibit #1: Termination Letter –February 26, 2015.**

50) Commissioner Batchelor described Jessica Davis as an exemplary employee.

51) In her termination letter, Tax Commissioner Batchelor stated it was not fair to the other employees or for Jessica Davis to work when she was ill.

52) On the Department of Labor's separation notice, Mitchell County wrote excessive absenteeism as the reason for separation.

53) Jackie Batchelor did not advised or warned Ms. Davis that she was in danger of losing her job prior to her termination.

54) Mitchell County policy regarding absenteeism and tardiness required Ms. Davis to provide notification in advance or within one hour after her scheduled time to work.

55) Ms. Davis followed and complied with Mitchell County's absenteeism and tardiness policy.

56) During her employment by Defendant, Ms. Davis did not receive any complaints.

57) Mitchell County was aware of Ms. Davis disability, by an through its employees and agents, included but not limited to Tax Commissioner Jackie Batchelor, who had the authority to undertake or recommend tangible employment action and direct the day –to-day activities of Ms. Davis.

58) Because Ms. Davis was suffering from a serious health condition and her request for leave to attend her doctor's appointments were attributable to her serious health condition, Ms. Davis should not have been terminated by Mitchell County where those absences /request for leave were a causative factor.

59) Ms. Davis did not violate Mitchell County's attendance policies because her absence were excused and approved by her supervisor Jackie Batchelor.

60) Ms. Davis did not fail to comply with any policy of Mitchell County, which led or could have led to her termination.

61) Mitchell County did an inadequate investigation and did not take prompt remedial measures when it discovered Ms. Davis was unlawfully terminated.

62) Mitchell County failed to exercise reasonable care to prevent or promptly correct such behavior.

63) Because Davis was terminated by Mitchell County, she lost her health insurance coverage and benefits.

64) After Ms. Davis was terminated, she did not have insurance to cover her medical treatment.

65) Mitchell County did not send Ms. Davis a notice or information so that she could continue her health benefits through COBRA.

66) Jessica Davis was terminated on February 26, 2015.

67) Other employees outside Ms. Davis' protected class were treated differently.

68) Mitchell County through its Tax Commissioner Batchelor terminated Plaintiff because of her disability.

69) Ms. Davis disability was known by Defendant prior to her termination.

70) Defendant made no attempt to accommodate Ms. Davis' disability.

71) Defendant did not engage in the interactive process to determine if a reasonable accommodation was available for Ms. Davis.

72) Ms. Davis' disability did not pose a direct threat to herself or others in the workplace.

73) It was not a hardship to Defendant to allow Ms. Davis to use her leave to attend her doctor's appointments.

74) Ms. Davis could do her job even though she was disabled.

75) Although Defendant purports to provide a legitimate non-discriminatory reason for its adverse action, this reason is pre-text.

76) During Ms. Davis' employment with Mitchell County, it failed to take appropriate measures to prevent discrimination and unfair treatment in the workplace.

77) Mitchell County's proffered reason for Ms. Davis' termination was 'excessive absenteeism" but she was actually terminated as a result of Mitchell County's discrimination and retaliation in violation of the Americans with Disabilities Act as amended and Section 504 of the Rehabilitation Act of 1973.

78) As a result of Mitchell County's misconduct, Ms. Davis suffered mental and emotional distress and exacerbation of her physical impairments and disability.

## CAUSE OF ACTION and CLAIMS FOR RELIEF

## COUNT ONE:
## DISCRIMINATION BASED ON AN ACTUAL OR PERCEIVED DISABILITY AND FAILURE TO ACCOMMODATE IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT.

79) Ms. Davis incorporates herein by reference the factual allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

80) Mitchell County is a public entity as defined in Title II of the American with Disabilities Act.

81) Defendant was Ms. Davis' employer as defined in the Americans with Disabilities Act.

82) Plaintiff is an individual with a disability as defined in the ADA, as amended.

83) Plaintiff has a physical impairment that substantially limits one or more of her major life activities.

84) Plaintiff has a record of such impairment that substantially limits one or more of her major life activities.

85) Defendant regarded Plaintiff as having a physical impairment that substantially limits one or more of her major life activities.

86) At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

87) Defendant was aware of Plaintiff's disability.

88) Plaintiff was qualified to do her job without a reasonable accommodation.

89) Plaintiff, without a reasonable accommodation, was capable of performing the essential functions of her job.

90) In the alternative, Ms. Davis request for leave to attend her doctor's appointment is reasonable accommodation.

91) Plaintiff, with reasonable accommodation, was capable of performing the essential functions of her job.

92) A reasonable accommodation that Ms. Davis requested would allow her to leave for a few hours to attend her doctor's appointment and then return to work.

93) Most days, Davis returned to work after her doctor's appointment.

94) Allowing Ms. Davis to utilize leave to attend her doctor's appointment would not have created an undue hardship for Mitchell County.

95) As result of Mitchell County's termination, Ms. Davis suffered lost wages and benefits of employment.

96) Defendant unlawfully denied Plaintiff a reasonable accommodation, causing her substantial pain, physical injury, and emotional harm.

97) Defendant did not engage in the interactive process with Plaintiff.

98) Defendant terminated Plaintiff's employment because of her disability, perceived disability, or record of having a disability.

99) Defendant treated other employees outside of Plaintiff's protected class differently.

100) As a direct and proximate result of Defendant's discrimination and violation of the ADA, Plaintiff suffered damages, for which Defendant is liable.

## COUNT TWO:
## RETALIATION IN VIOLATION OF THE ADA, AS AMENDED

101) Ms. Davis incorporates herein by reference the factual allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

102) Ms. Davis was a qualified individual with a disability.

103) Defendant was aware that Ms. Davis had a serious health condition.

104) Defendant knew Plaintiff had a physical impairment.

105) Defendant was aware of Plaintiff's disability.

106) Plaintiff's disability substantially limited one or more of her major life activity.

107) However, Ms. Davis was able to perform the essential functions of her job with or without an accommodation.

108) Jessica Davis requested reasonable accommodations to allow her to perform the essential functions of her job.

109) One example of Ms. Davis request for reasonable accommodation is when she asked Defendant for leave to attend her doctor's appointment.

110) Ms. Davis' request for a reasonable accommodation constitutes protected conduct under the ADA.

111) Defendant retaliated against Ms. Davis by terminating her employment because she requested a reasonable accommodation.

112) Defendant's retaliatory actions against Ms. Davis were in violation of the ADA.

113) As a direct and proximate result of Defendant's retaliatory actions against Ms. Davis, Ms. Davis suffered damages, for which Defendant is liable.

**COUNT THREE:**
**DISCRIMINATION IN VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973**

114) Ms. Davis incorporates herein by reference the factual allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

115) Mitchell County is (and was at all times relevant to this case) a recipient of federal financial assistance, obligated to comply with provisions of Section 504 of the Rehabilitation Act of 1973.

116) Section 504 states that "no qualified individual with a disability in the United States shall be excluded from the participation in, denied the benefits of, or be subjected to discrimination under" any program or activity receiving Federal financial assistance."  29 U.S.C. 794(a).

117) The term "program or activity" includes "all of the operations" of a public entity like Mitchell County.  29 U.S.C. 794(b)(2)(B).

118) Employment actions under Section 504 require the application of the standards under title I of the ADA, *see* 29 U.S.C. § 794(d).

119) Congress has mandated that the ADA's definition of disability also apply to Section 504.  See 29 U.S.C. 705(9)(B), 705(20)(B) (applying that definition to Subchapter V of the Rehabilitation Act, which includes Section 504).

120) Defendant acted with deliberate indifference to the strong likelihood that pursuit of its questioned policies would likely result in violation of federally protected rights.

121) As a direct and proximate result of Defendant's discrimination and violation of the Section 504 of Rehabilitation Act, Plaintiff suffered damages, for which Defendant is liable.

## <u>COUNT FOUR:</u>
## RETALIATION IN IN VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973

122) Ms. Davis incorporates herein by reference the factual allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

123) Mitchell County is (and was at all times relevant to this case) a recipient of federal financial assistance, obligated to comply with provisions of Section 504 of the Rehabilitation Act of 1973.

124) Employment actions under Section 504 require the application of the standards under title I of the ADA, *see* 29 U.S.C. § 794(d).

125) Jessica Davis requested reasonable accommodations to allow her to perform the essential functions of her job.

126) Ms. Davis' request for a reasonable accommodation constitutes protected conduct under the Rehab Act.

127) Defendant retaliated against Ms. Davis by terminating her employment because she requested a reasonable accommodation for her disability.

128) Defendant's retaliatory actions against Ms. Davis were in violation of the Rehab Act.

129) Defendant acted with deliberate indifference to the strong likelihood that pursuit of its questioned policies would likely result in violation of federally protected rights.

130) As a direct and proximate result of Defendant's retaliatory actions against Ms. Davis, Ms. Davis suffered damages, for which Defendant is liable.

## COUNT FIVE:
## FAILURE TO PROVIDE REQUIRED NOTICE IN VIOLATION OF THE FEDERAL CONSOLIDATED OMNIBUS BUDGET RECONCILIATION ACT (COBRA) AND PUBLIC HEALTH SERVICE ACT

131) Ms. Davis incorporates herein by reference the factual allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

132) Plaintiff was an employee of Defendant's.

133) Defendant is liable to Plaintiff for an amount calculated pursuant to 29 U.S.C. § 1132(c)(1) on a daily basis from the date Defendant should have provided COBRA notice to Ms. Davis, to the date, if any that it cancelled her COBRA notice.

134) Defendant was Plaintiff's employer and a plan sponsor of a group health insurance plan or public health sector plan.

135) Defendant employed more than 20 employees at all relevant times.

136) Plaintiff participated in Defendant's group health plan.

137) Plaintiff was a qualified beneficiary.

138) Plaintiff was terminated on February 26, 2015.

139) Termination is a qualifying event under COBRA.

140) Upon Plaintiff's termination, Plaintiff made known her intent to use her health insurance.

141) Defendant's unlawful actions caused Plaintiff to be without insurance.

142) Defendant failed to give proper written notice to Plaintiff of her COBRA rights and the cancellation of her insurance coverage.

143) COBRA requires a plan sponsor or its administrator of a group health plan to provide notice to any qualified beneficiary of their continuation of coverage rights under COBRA upon the occurrence of a qualifying event. 29 U.S.C. § 1166(a)(4).

144) As a result of Mitchell County's violation of the notice requirement of COBRA, Plaintiff is entitled to:

   a. Statutory penalties of $110 per day for each day Defendant has fail to provide notice, *see* 29 U.S.C. § 1132(c)(1) and 29 C.F.R. § 2575.502c-1;

   b. Injunctive and other equitable relief, *see* 29 U.S.C. § 1132(a)(3);

c.  Attorneys' fees, costs, and expenses in connection with this action,

   *see*  29 U.S.C. § 1132(g)(1); and

d.  Other relief in the Court's discretion.

## **PRAYER FOR RELIEF**

145) WHEREFORE, Plaintiff, Jessica Davis, respectfully requests:

a. That Plaintiff receives a trial by jury on all triable issues;

b. That Plaintiff recovers from Defendant back pay, benefits, and

interest due and payable;

c. That Plaintiff recovers from Defendant front pay and benefits;

d. That Plaintiff recovers from Defendant an amount of damages to

compensate her for the emotional pain and suffering she has endured as a

result of Defendant's discriminatory, retaliatory, and tortious acts;

e. That Plaintiff recovers from Defendant punitive damages under ADA 42

U.S.C. § 12101in an amount sufficient to punish Defendants for their actions

and to deter them from discriminating against their employees in the future;

f. That Plaintiff be granted declaratory relief;

g. That Plaintiff be granted injunctive relief to prevent Defendants from

engaging in such discriminatory conduct in the future;

h. That Plaintiff recovers from Defendant her costs incurred in bringing this action; including her attorney's fees and expenses of litigation;

i. That Plaintiff be awarded prejudgment interest; and

j. That this Court declares and adjudges Defendant to have engaged in unlawful employment practices in violation of the ADA and Section 504 Rehabilitation Act of 1973;

k. That this Court reinstates Plaintiff's ability to seek employment in Defendant's County and permanently enjoin Defendant from engaging in unlawful employment practices in violation of the ADA and Section 504 Rehabilitation Act of 1973;

l. That Plaintiff be reimbursed for all her medical expenses and healthcare benefits;

m. Awarding statutory penalties to Plaintiff pursuant to 29 U.S.C. § 1132(c)(1) and 29 C.F.R. § 2575.502c-1 in the amount of $110 per day;

n. Attorneys' fees, costs, and expenses award to Plaintiff's counsel as provided by 29 U.S.C. § 1132(g)(1); and other applicable laws;

o. That Plaintiff have judgment against Defendant on all counts, in an amount to be determined at trial;

p. That Plaintiff have such other and further relief as this Court deems just and proper.

[Signature on last page]

Respectfully submitted this 4th day of Nov. 2016.

Tamika Sykes, Ga Bar #141617
Attorney for Plaintiff Jessica Davis